LAW OFFICES OF LAURENCE F. PADWAY
Laurence F. Padway (SBN 89314)
1516 Oak Street, Suite 109
Alameda, CA 94501
Tel: 510.814.6100
Fax: 510.814.0650
*Attorneys for Plaintiff Fadi G. Haddad, M.D.*

Michael B. Bernacchi (SBN 163657)
E-mail: mbernacchi@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Tel: 213.236.0600
Fax: 213.236.2700
*Attorneys for Defendant Hartford Life and Accident Insurance Company*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| FADI G. HADDAD, M.D., <br><br> Plaintiff, <br><br> v. <br><br> SMG LONG TERM DISABILITY PLAN, AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, <br><br> Defendants. | Case No. 2:16-cv-01700-WHO <br><br> **STIPULATION AND [PROPOSED] ORDER RE SETTLEMENT AGREEMENT** |

## **RECITALS**

WHEREAS, Dr. Haddad claims disability under a group disability policy (number GVL-16008) (Policy) issued by Hartford Life and Accident Insurance Company as part of an employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA").

WHEREAS, Dr. Haddad filed this lawsuit seeking disability benefits from Hartford captioned *Fadi G. Haddad, M.D. v. SMG Long-Term Disability Plan and Hartford Life*

*and Accident Insurance Company*, now pending as Case No. 2:16-cv-01700-WHO in the United States District Court, Eastern District of California [Docket 42].

WHEREAS, Dr. Haddad's claim for Short-Term Disability ("STD") benefits from Hartford was litigated in the District Court to judgment [Docket 35] and appealed to the Ninth Circuit Court of Appeals, which reversed the judgment and remanded the case back to the District Court with instructions on January 22, 2019 [Docket 42].

WHEREAS, Hartford claims an offset to the Short-Term and Long-Term Disability benefits provided by the Policy based upon Dr. Haddad's settlement of a personal injury lawsuit captioned *Haddad v. Hilton Worldwide Holdings, Inc., et al.*, United States District Court, Eastern District of California, Case No. 2:16-cv-00405-MCE-CKD, and Dr. Haddad disputes said entitlement.

WHEREAS, the settlement agreement between Dr. Haddad and Hilton contains a confidentiality provision which precludes Dr. Haddad from providing that agreement to Hartford absent a court order.

WHEREAS, Dr. Haddad and Hartford agree that production of the settlement agreement would facilitate Hartford's analysis of its entitlement to an offset, and Hartford has agreed to be bound by the confidentiality provision in the settlement agreement to the same extent that the parties to the Hilton settlement are bound. Accordingly, counsel for Dr. Haddad believes that Hartford is entitled to an order for production of the Hilton settlement agreement. See *Ex Parte Uppercu*, 239 U.S. 435 (1915).

WHEREAS, although the settlement agreement between Dr. Haddad and Hilton does not require notice to Hilton prior to the seeking of a court order for disclosure of the agreement, counsel for Dr. Haddad has nonetheless twice emailed and twice left voice mail messages for counsel for Hilton, the earliest of which was on May 9, 2019, advising Hilton's counsel of Hartford's request to see the settlement agreement and offering counsel for Hilton the opportunity to object and be heard on the matter. Counsel for Hilton has not responded to these emails and voice mails.

WHEREAS, Hartford has agreed not to claim an offset to the Short Term Disability benefits provided by the Policy based on the Hilton settlement, provided that (1) the settlement agreement is provided to Hartford and (2) Hartford reserves its right to claim any offset to which it may be entitled against any Long Term Disability benefits which may be due to Dr. Haddad.

## **STIPULATION**

Now, therefore the parties stipulate that the Court order:

1. Dr. Haddad shall promptly produce the settlement agreement in the Hilton case to counsel for Hartford.
2. Hartford, SMG Long Term Disability Plan, and their counsel shall be bound by the confidentiality provisions of the settlement agreement to the same extent that Dr. Haddad and Hilton are bound.
3. Any party to this stipulation, or Hilton, may move for an order that the Hilton settlement agreement be filed under seal in this action. The Court may or may not grant such motion.
4. Hartford shall promptly produce all of its policies and procedures pertaining to the offset of third party settlements for the relevant time period at issue, including how Hartford determines the amount of the settlement it attributes to lost earnings when the settlement is for a lump sum.

Dated: May 21, 2019  Law Offices of Laurence F. Padway

By: */s/ Laurence F. Padway*
　　Laurence F. Padway
Attorneys for Plaintiff
Fadi G. Haddad, M.D.

LA #4814-8451-9575 v1        - 3 -        CASE NO. 2:16-CV-1700-WHO
STIPULATION AND ORDER RE
SETTLEMENT AGREEMENT

| | |
|---|---|
| Dated: May 21, 2019 | Burke, Williams & Sorensen, LLP |
| | By: */s/ Michael B. Bernacchi*<br>Michael B. Bernacchi<br>Attorneys for Defendant<br>Hartford Life and Accident Insurance Company |

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

I, Michael B. Bernacchi, attest that concurrence in the filing of this document has been obtained from the other Signatory.

By: */s/ Michael B. Bernacchi*
Michael B. Bernacchi

**ORDER**

IT IS SO ORDERED.

Dated: _May 22, 2019_____   _____
Honorable William H. Orrick
United States District Judge