UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FADI G. HADDAD<br><br>        Plaintiff,<br><br>    v.<br><br>SMG LONG TERM DISABILITY PLAN, AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>        Defendants. | Case No. 16-cv-01700-WHO<br><br>**ORDER ON REMAINING ISSUES**<br><br>Re: Dkt. Nos. 75, 78, 79, 83, 84, 85, 86, 88, 89 |

Following remand from the Ninth Circuit in February 2019, the parties were directed to meet and confer to resolve or narrow the remaining issues in dispute. After the parties resolved a number of the issues, Haddad's claim for LTD benefits was submitted to and determined by Hartford in November 2019. Hartford began paying Haddad LTD benefits, withholding amounts based on offsets including: (1) offsets related to a settlement Haddad secured from Hilton Hotels (Hilton Settlement Offset), and (2) offsets related to disability payments.

In a joint statement, submitted on March 19, 2020, Haddad and Hartford identified those two issues as the remaining issues in dispute with respect to Haddad's LTD claim. Dkt. No. 72. In response, on March 20, 2020, I ordered Hartford to provide a detailed statement and supporting documents regarding how it calculated "Plaintiff's benefits since returning to work" and any offsets. Dkt. No. 73. Both sides were instructed to address all issues remaining in dispute. *Id*.

Hartford filed its statement on April 15, 2020, and Haddad filed his response on May 4, 2020. Dkt. Nos. 75, 79. The issues that appeared in dispute at that time were the propriety and amount of the Hilton Settlement Offset as well as a dispute over the disability benefits offsets. Dkt. No. 82. On June 10, 2020, I informed the parties that the Hilton Settlement Offset issue would be decided on the papers and directed that the parties meet and confer about the disability

1  benefits offsets.  *Id*.[1]

2  Following that Order, plaintiff identified *additional* issues regarding the calculation of his
3  benefits since returning to work, unrelated to the Hilton Settlement Offset issue that is under
4  submission or the disability benefits offsets that had been resolved.  In a proposed Sur-Reply,
5  plaintiff contends that there is an issue regarding the calculation of his benefits, which turns in part
6  or in whole on the amount of premiums paid and/or the amount of coverage obtained by Haddad's
7  former employer (Sutter Medical Group, SMG) under the SMG Plan.  Haddad asserts that the
8  issue of the premium payments was raised for the first time in Hartford's Reply in support of its
9  benefits calculation.  In its Reply, Hartford stated:

> The pre-disability earnings issue is another matter altogether. Hartford previously informed Dr. Haddad on numerous occasions how it calculated his gross disability benefit. He <u>never</u> raised an issue with the calculation during the claim. Had he done so, Hartford would have informed him that his pre-disability income is limited under the LTD Plan to earnings for which premium had been paid by his employer. [Bernacchi Declaration, ¶3; Exhibit 1, bates# 40] In the present case, Dr. Haddad's employer did not insure him for 100% of his salary. Issues like this are exactly why administrative remedies are required to be exhausted under ERISA before the participant files suit.

Reply (Dkt. No. 79) at 11.

In his proposed Sur-Reply, Haddad challenges those representations and contends that no explanation was provided how Hartford calculated the benefits and noting that plaintiff's calculation was admittedly a "few hundred dollars higher."  Sur-Reply at 2 n.1  Haddad, therefore, suggests that he and Hartford be provided additional time for discovery and to brief this issue and resolve it along with a dispute over the amount and rate of prejudgment interest.  *Id*. at 3-4.

Hartford objects to the proposed Sur-Reply.  It argues that plaintiff knew or should have identified this LTD issue back in November 2019 and exhausted it through the administrative appeals process at that time.  Objection, Dkt. No. 85 at 2.  Hartford also contends that resolution of this issue will "require an investigation by Hartford, the submission of information from Dr. Haddad, and the cooperation of a third party (Sutter Medical Group) as it will likely have records

---

[1] The parties resolved the Social Security disability offset as well as a related EDD offset for state disability.  Dkt. No. 84.

pertaining how much Dr. Haddad was insured for under the disability plan," and objects to Haddad raising this issue for the first time in Court, when Haddad should have raised it through the administrative process. *Id*. at 2.

Related to this new dispute, on August 10, 2020, Haddad filed a motion seeking leave to amend the operative complaint in order to (1) obtain a ruling on the proper amount of his pre-disability earnings and (2) add the ERISA sponsor (SMG) as a party for purposes of discovery and add claims to (a) determine the appropriate premiums and (b) a statutory penalty due to SMG's failure to produce documents. Dkt. No. 86. Haddad's counsel declares that he attempted to secure the necessary information from the SMG and the Plan, but SMG would not or could not provide all the necessary information for Haddad to fully contest and seek relief against Hartford or (if appropriate) against SMG for the alleged shortfall in his LTD benefits, necessitating amendment to bring SMG in as a party. Dkt. No. 86-2.

Hartford opposes this new motion, arguing that leave to amend should not be granted given the age of this case and Haddad's failure to raise the benefits determination issue back in November 2019. Dkt. No. 88. Instead, Hartford asks me to order Haddad to exhaust this issue through the administrative appeal process so that it can be fully investigated and, perhaps, resolved through that process.[2] Dkt. No. 88 at 1, 5.

In his Reply on the Motion for Leave to Amend, Haddad argues that administrative exhaustion is not required, as he has already exhausted the issue of his entitlement to LTD benefits by appealing the Hilton Settlement Offset issue. Haddad believes the more efficient process is to allow the proposed amendment and allow him to take discovery from both Hartford and SMG instead. Dkt. Nos. 86, 89.

Having considered the issues before me, I rule as follows.

**I.     HILTON SETTLEMENT OFFSET**

In determining Haddad's LTD benefits, Hartford determined that an offset was appropriate

---

[2] In hopes of resolving this issue, Hartford sent Haddad a letter explaining in detail how it calculated the LTD benefits on August 24, 2020. That letter expressly gives Haddad a right to timely appeal that benefits calculation (as opposed to the Hilton Settlement Offset that Haddad already appealed). Dkt. No. 88-1, Ex. 1.

3

under the terms of the Plan due to a settlement Haddad received from Hilton Hotels that Hartford believed compensated Haddad for lost income.[3] Haddad raises numerous challenges to the Settlement Offset, but considering the language of the offset provision and applicable caselaw I find that Hartford was within its rights to take an offset. Given Haddad's refusal to provide information or even a position about how much of the Settlement proceeds should be allocated to lost income, Hartford was within its rights to allocate the full amount.

The LTD Plan provides:

> **Other Income Benefits** means the amount of any benefit for loss of income, provided to You or Your family, as a result of the period of Disability for which You are claiming benefits under The Policy. This includes any such benefits for which You or Your family are eligible or that are paid to You, or Your family or to a third party on Your behalf . . . .
> . . .
>
> **Other Income Benefits** also means any payments that are made to You or to Your family, or to a third party on Your behalf, pursuant to any:
>
> . . .
>
> 3) portion of a settlement or judgment, minus associated costs, of a lawsuit that represents or compensates for Your loss of earnings; or

Ex. 1 to Declaration of Michael B. Bernacchi (Dkt. No. 75-1, "LTD Plan") at 54.

The LTD Plan goes on to explain:

> If You are paid other Income Benefits in a lump sum or settlement, You must provide proof satisfactory to Us of:
> 1) the amount attributed to loss of income; and
> 2) the period of lime covered by the lump sum or settlement.
>
> We will pro rate the lump sum or settlement over this period of time. If You cannot or do not provide this information, We will assume the entire sum to be for loss of income, and the time period to be 60 month(s). We may make a retroactive a/location of any retroactive Other Income Benefit. A retroactive a/location may result in an overpayment of Your claim.

*Id*. at 55.

Hartford explains that during the claims process, it learned that Haddad had recovered a settlement in a lawsuit Haddad filed against Hilton Hotels with respect to an injury that Hartford

---

[3] Hartford also took offsets related to disability payments. Those offsets are no longer at issue.

4

1    believed led to Haddad's disability claim (a position that was accepted by me but rejected by the
2    Ninth Circuit on appeal). Bernacchi Decl. ¶ 7. According to publicly available pleadings, in his
3    suit against Hilton Haddad sought lost income damages covering the same period of time that
4    Haddad was seeking LTD benefits from Hartford. *Id*. Hartford sought a copy of the settlement
5    agreement from Haddad and notified Haddad of its intent to take some or all of the settlement as
6    an offset of "lost income." *Id*. ¶ 8. Because the settlement agreement did not explain how the
7    settlement funds were allocated – between lost income, pain and suffering damages, etc. – and
8    because the terms of the LTD Plan require the claimant to provide proof of how much of a lump
9    sum payment covered lost income, Hartford asked Haddad to provide his position on the matter.
10   *Id*. The only response Haddad made was to provide Hartford with a document identifying fees
11   and costs deducted from the settlement. *Id*.

12       Absent additional information from Haddad, Hartford explained in late November 2019
13   how it intended to offset Haddad's Hilton Settlement proceeds (deducting the fees and costs and
14   prorating the full remaining amount over 60 months). *Id*. ¶ 10. Haddad was given notice of his
15   right to appeal that determination, which Haddad did. On appeal, Hartford maintained its position
16   that as Haddad failed to provide any information or a position on how much of the settlement
17   should be allocated to lost income--Haddad, instead, maintained that Hartford was prohibited as a
18   matter of law from taking any offset for the settlement--it would continue to prorate the full
19   amount. *Id*. ¶¶ 10-12.

20       In the briefing before me, Haddad argues that Hartford cannot take any offset for the
21   Hilton Settlement because: (1) the Plan's[4] offset provisions were not "conspicuous" and therefore
22   not enforceable under Ninth Circuit precedent; (2) the inconspicuous offset provisions cannot
23   thwart Haddad's reasonable expectations of coverage; (3) offsetting the entire net of the settlement
24   amount is unconscionable; (4) Hartford could not place the burden of proving any allocation on
25   Haddad and the allocation cannot be proved; (5) the offset cannot be attributed to Haddad's

---

[4] Haddad maintains his position that the Plan document has never been produced and the "Plan" referred to by Hartford is simply the Certificate of Insurance. Because this continuing dispute does not impact my decisions in this Order, I continue to refer to the Certificate of Insurance as the Plan.

5

1   unrelated injury suffered at Hilton; (6) the Settlement should not be allocated over 60 months.
2   Each of these arguments fails.

3   Haddad complains that nothing in the table of contents of the Plan refers to offsets and
4   offsets are not identified in the "exclusions and limitations" sections of the Plan. Dkt. No. 78 at 3-
5   4. The offsets disclosure is found in the "DEFINITIONS" section of the Plan and "Other Income
6   Benefits" is mentioned (and capitalized and highlighted to denote it is a specifically defined term)
7   in the "BENEFITS" section under "**Calculation of Monthly Benefits**." Taken together, Haddad
8   argues these disclosures are fatally inconspicuous as a matter of law to a reasonable insured like
9   Haddad and, therefore, cannot be asserted against him.

10  In support, however, Haddad relies only on an inapposite line of Ninth Circuit authority.
11  That authority requires that exclusions and limitations of coverage in insurance policies be
12  conspicuously disclosed and readily understood by persons of average intelligence and experience.
13  Dkt. No. 78 (relying on *Babikian v. Paul Revere Life Ins. Co*., 63 F.3d 837, 840 (9th Cir. 1995);
14  *Saltarelli v. Bob Baker Group Med. Tr*., 35 F.3d 382, 386 (9th Cir. 1994)).

15  An offset used to calculate the amount of benefits is not the same as an exclusion or
16  limitation of coverage. The former reduces the level of benefits to be paid in light of other
17  payments received by the claimant and understandably is referenced in the Plan in the "calculation
18  of benefits" and definitions sections. The later wholly excludes or limits coverage in the first
19  place. Haddad cites no case applying the "conspicuity rule" to disclosures regarding calculation of
20  benefits as opposed to wholesale exclusions and limitations in coverage. I will not apply that rule
21  to the disclosures in this case.

22  Haddad next contends that applying the whole of the net Settlement as an offset is
23  unconscionable, both because of its inconspicuousness and because Hartford wrongly put an
24  "impossible" burden of proof on Haddad to show what portion of the Settlement was attributable
25  to lost income. Dkt. No. 78 at 11-14. Putting aside the inconspicuousness – it was not legally
26  inconspicuous but clearly referenced in the calculation of benefits section and clearly defined in
27  the definition section – Haddad cites no relevant authority to support his arguments. The only
28  case relied on by Haddad regarding burden is a California case regarding exclusions which, as

noted above, are not at issue here. *Aydin Corp. v. First State Ins. Co.*, 18 Cal. 4th 1183, 1188 (1998), *as modified on denial of reh'g* (Oct. 14, 1998) ("the burden is on the insurer to prove the claim is specifically excluded").

As to impossibility, Haddad argues first that Hartford could not have relied on an expert report of wage loss Haddad created for his case against Hilton (estimating lost wages in the range of $1.2 – $1.3 million) because the report is not part of the administrative record. He also contends that the Hilton "claim" covered medical bills and general damages as well as wage loss. Dkt. No. 78 at 13-14. But Haddad nowhere states *why* he could not give his understanding of the claimed damages or have provided some proof, for example medical bills or a copy of the expert report from the Hilton case. Nor does he explain why he could not, while preserving his legal objections to the offset, have provided his lay understanding supported by his recollection of how much of the Hilton Settlement was for lost wages. Instead, Haddad provided no information and stood firm on the position that an offset was impermissible as a matter of law. Bernacchi Decl. ¶ 11. There was no impossibility here. Instead, there was a refusal to engage in the process required by the Plan and a refusal to provide readily available information.[5]

Finally, assuming arguendo that Hartford was entitled to take some offset, Haddad asserts that offset should only be allocated against his income lost between March 5, 2015 through March 31, 2018, not pro-rated out over 60 months. Dkt. No. 78 at 14. Haddad provides no justification or reasoning in support, and his argument is contrary to the plain provisions of the Plan allowing for apportionment over 60 months.

Hartford is entitled to offset the net amount of the Hilton Settlement as covering lost income.

## II. PREDISABLITY EARNINGS AND REQUEST FOR LEAVE TO AMEND

As noted above, the initial dispute with respect to this newly raised issue is whether

---

[5] Haddad also argues that because there is no evidence that the Hilton injury contributed to the injury for which he claims LTD benefits (as confirmed by the Ninth Circuit), the Hilton Settlement is irrelevant. Dkt. No. 78 at 12-13. However, as Hartford points out, the issue of causation is irrelevant. The relevant issue is *income* received during the applicable time period and the Hilton suit sought lost wages for the relevant time period.

Haddad should exhaust concerns regarding the calculation of his pre-disability earnings and Hartford's final benefits determinations through the administrative appeal process before further prolonging this long-pending case by seeking discovery from Hartford and bringing in a new party and pleading new claims against SMG.

I assume, without deciding, that Haddad is correct that he is not *required* to exhaust the predisability earnings/premium payments issue because he exhausted the Hilton Settlement offset issue with respect to Hartford's proposed award of LTD benefits.  But I nonetheless ORDER Haddad to exhaust that process before I decide whether to permit discovery (which is atypical in ERISA LTD appeals) and perhaps expand the scope of this lawsuit to add in a new party with new claims and the attendant delays.  As Hartford persuasively argues, its investigation during the administrative appeal may in fact resolve the issue and obviate the need and delay associated with the plan proposed by Haddad.  Before determining whether amendment under Rule 15 is appropriate at this late date to bring in the Plan (given potential undue delay and prejudice to Hartford), it would be useful to know whether Hartford erred, or the Plan erred, or there was no error.[6]

## CONCLUSION

For the foregoing reasons, Hartford is entitled to take the full Hilton Settlement offset.  The motion for leave to amend is DENIED without prejudice.  This case is stayed pending Haddad's pursuit of an administrative appeal to exhaust *all remaining issues* with respect to how Hartford has calculated the amount of Haddad's LTD's benefits.  The parties shall file a joint status report 90 days from the date of this Order explaining the status of that administrative appeal.

**IT IS SO ORDERED.**

Dated: September 22, 2020



William H. Orrick
United States District Judge

---

[6] I will also defer ruling on the dispute regarding prejudgment interest.  It is premature and unnecessary to determine that issue now.

8