UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FADI G. HADDAD<br><br>    Plaintiff,<br><br>    v.<br><br>SMG LONG TERM DISABILITY PLAN, AND HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>    Defendants. | Case No. 16-cv-01700-WHO<br><br>**ORDER ON PREJUDGMENT INTEREST**<br><br>Re: Dkt. No. 106 |

    The parties are familiar with the underlying facts and long, complex procedural history of this case. Under my prior Orders, there is one issue remaining for my resolution: whether, and if so, what amount of prejudgment interest Hartford owes plaintiff in connection with Hartford's November 2019 payment of Long Term Disability (LTD) benefits to plaintiff covering the period of September 1, 2015 through November 2019.[1]

    Haddad argues that he is entitled to an award of prejudgment interest, despite not having secured a judgment on either of his STD or LTD benefit claims, and that interest should be awarded at a rate higher than the default Treasury Bill rate. Specifically, Haddad seeks an award at 8% because that rate approaches the California Insurance Code default 10% rate[2] and, because if Haddad had invested the money not paid by Hartford, he would have secured a rate of return at least at 8%. *See* Plaintiff's Brief re Calculation of Benefits (Dkt. No. 106) at 6-8; Declaration Fadi G. Haddad, M.D. (Dkt. No. 106-3) ¶ 21.

---

[1] The LTD claim was resubmitted for review and determination by Hartford in August 2019, after the parties settled plaintiffs' Short Term Disability (STD) claim following remand from the Ninth Circuit. Hartford has continued to pay a monthly amount of LTD benefits following its November 12, 2019 LTD benefits determination.

[2] *See* Cal Ins. Code § 10111.2.

Hartford argues that because Haddad's LTD benefits award was the result of the claim administrative process – and not the result of any judgment entered by this court – Haddad is not entitled to any prejudgment interest. In the alternative, if the court disagrees and finds that an award of prejudgment interest is merited, Hartford contends that the default Treasury Bill rate is appropriate, absent any evidence that Haddad suffered any financial or other hardship as a result of the delayed LTD benefits.

"A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assur. Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007); *see also Day v. AT & T Disability Income Plan*, 608 Fed. Appx. 454, 458 (9th Cir. 2015) (affirming decision where court "balance[d] the equities" and engaged in a "fairness analysis" to award prejudgment interest on STD award remanded by circuit court but denying prejudgment interest on LTD award subsequently determined through a claims administration process, given that plaintiff "never obtained any other favorable judgment from the court concerning his ERISA claims, the court's decision to limit prejudgment interest to this period was reasonable."). If prejudgment interest is awarded, "the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate." *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001) (internal quotation omitted); *see also Blankenship*, 486 F.3d at 628 (affirming upward deviation from Treasury Bill rate where substantial evidence established plaintiff had to rely on savings for expenses that otherwise would have been invested for a greater rate of return).

After weighing the equities and considering fairness, I find that Haddad is not entitled to a prejudgment interest on the LTD award and his request for it is DENIED. As Hartford notes, there has been no judgment by any court regarding the LTD payments. Once Hartford's initial denial of STD benefits was overturned by the Ninth Circuit (interpreting the preexisting exclusion language of the policy), the parties swiftly settled the STD benefits and then Hartford promptly

determined the newly-submitted LTD benefits issue.[3] In these circumstances, prejudgment interest on the LTD payments is not warranted. The result might be different if there was evidence that Hartford's denial of LTD benefits was made in bad faith or took excessively long. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001) (recognizing "a defendant's bad faith conduct may influence whether a court awards prejudgment interest"). But there is no such evidence here.[4] Hartford promptly determined the LTD issue after the STD issue was settled and the LTD issue was submitted to it.

Further, there is no evidence that Hartford's conduct in withholding either set of benefits caused Haddad emotional or financial harm that could justify either an award of prejudgment interest or interest at a rate exceeding the default rate. *See, e.g., Bosley v. Metro. Life Ins. Co.*, C 16-00139 WHA, 2017 WL 4071346, at *3 (N.D. Cal. Sept. 14, 2017). (awarding compounding 10% rate of prejudgment interest denial of plaintiff's claim "contributed to financial difficulties that ultimately led him to move to Missouri for more affordable housing"); *Kroll v. Kaiser Found. Health Plan Long Term Disability Plan*, C 11-03863 JSW, 2012 WL 12920546, at *2 (N.D. Cal. June 28, 2012) (awarding prejudgment interest at rate of 10% compounded monthly where defendants "wrongfully withheld disability benefits from Plaintiff for a substantial period of time—almost five years" and due "to the withholding of benefits, Plaintiff has not been able to maintain her home").

With that issue decided, it appears that all claims in the operative complaint against Hartford have been resolved by settlement or order of the Court. Therefore, within ten (10) days of the date of this Order, the parties shall submit: (i) a proposed form of final judgment, (ii) a stipulated dismissal of this case, or (iii) a five-page letter outlining any remaining disputes

---

[3] The amount of the monthly benefits owed given the parties' dispute on Haddad's predisability earnings has likewise been settled. Dkt. No. 122.

[4] There is evidence that Hartford was not able to determine the monthly benefits owed to Haddad without tax records from Haddad, given the offsets issues that existed and during the time Dr. Haddad was back at work. *Compare* Plaintiff's Brief re Calculation of Benefits at 2, 6 Ex. 6; *with* Bernacchi Decl. (Dkt. No. 115-1) ¶ 8. However, that issue appears to have been resolved now that Dr. Haddad is no longer working and that Hartford will generally be able to make monthly LTD payments to Haddad.

3

between the parties that are encompassed within the operative complaint. The June 15, 2021, Case Management Conference remains on calendar.[5]

**IT IS SO ORDERED.**

Dated: May 27, 2021

William H. Orrick
United States District Judge

---

[5] I recognize Haddad's argument that he is entitled to receive a copy of the "plan" document, as opposed to the Certificate of Coverage that Hartford has relied on throughout this case. *See* Plaintiff's Reply Re: Benefits and Interest, Dkt. No. 121, at 7-8. However, all claims under the operative complaint against Hartford have now, as far as I can determine, been resolved by agreement of the parties or final order of this Court.